| | |
|---|---|
| 1 | **Andrew S. Nemeth (015509)**<br>**PHILLIPS & ASSOCIATES** |
| 2 | 3030 North Third Street, Suite 1100<br>Phoenix, Arizona 85012 |
| 3 | Tel: (602) 258-8900<br>Fax: (602) 230-2027 |
| 4 | eMail: anemeth@phillipslaw.ws |
| 5 | Attorneys for Debtors |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re:<br><br>JAMES H. NORRIS and<br>ANNA M. WEST,<br><br>Debtors. | Chapter 13<br><br>Case No.  2-05-bk-12254-GBN<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

**I.     APPLICATION FOR PAYMENT OF ADMINISTRATION EXPENSE.**

**1.**     Debtor's counsel hereby applies for compensation in the total amount of $2,750.00 for services rendered to the Debtor and on the Debtor's behalf in connection with the above captioned case.  Debtor has paid a filing fee of $194.00 to the Court, and retainer of $2,750.00 to counsel prior to the filing of the above-captioned case.

**2.**     The fee for services related to this case by this firm is a flat fee and is not subject to any contingency of any kind.  As of this date, services rendered have included consultation with the Debtor regarding the filing of this bankruptcy case; preparation of the Voluntary Petition, Statement of Financial Affairs, Master Mailing List, R.2016(b) Statement of Attorney Compensation, Schedules A through J, this Chapter 13 Plan and Application for Payment of Administrative Expense; and notification to creditors.

**3.**     Services which are included and may be rendered in the case, if necessary, are as follows: preparation of the Schedules A through J, and Chapter 13 Plan; written and oral communications with debtor and creditors; appearance at the § 341(a) Meeting of Creditors; appearance at one or more hearing on confirmation; discussions and negotiations with any creditor; the preparation and filing of any amendments to the schedules, petition, plan or statement of financial affairs; communications with the Chapter 13 Trustee and his analysts to prosecute the speedy confirmation of the plan; and preparation of a Stipulated Order Confirming.

**II.    DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN:**

**1.     PROPERTY AND INCOME SUBMITTED TO THE PLAN.**  Debtor shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

**A.     FUTURE EARNINGS OR INCOME.  Debtor shall pay to the Trustee commencing August 5, 2005, the sum of $1,100.00 per month for 46 months (August 2005 – May 2009).**

/s/          /s/          **In addition to the foregoing regular monthly payments, the Debtor shall turnover any net income tax refunds received for tax years 2005 and 2006.**

-1-

**Any tax refunds for tax year 2005 shall be treated 50.0% as a supplemental Plan payment and 50.0% as an advance to Plan payments otherwise due under the Plan. Any tax refunds for tax years 2006 shall be treated as an advance to Plan payments otherwise due under the Plan. In no event, however, shall the turnover of any tax refund relieve the Debtor of the requirement to make a regular Plan payment in the same month.**

Debtor is to make payments to the Trustee assigned to this case in the form of cashier's checks or money orders payable to the Chapter 13 Trustee, and the Debtor's name and case number shall appear on the face of the cashier's check or money order. The Debtor is instructed to remit all Plan payments on or before the monthly due date. When Plan payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall <u>must</u> be cured before a discharge is entered. This requirement applies regardless of Plan payment suspensions, waivers or moratoriums.

**B. OTHER PROPERTY**. In the event that other non-exempt property is submitted to the Chapter 13 Trustee it shall be treated as advances to Plan payments otherwise required, but in no event shall the advance payments reduce the term of the Plan to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full. However, in the event the Trustee recovers property for the benefit of the estate which is not exempt, said funds shall be used first as supplements to the plan and then as advances to Pan payments otherwise required, but in no event shall the advance payments reduce the term of the Plan to less than 36 months unless all allowed claims are paid in full.

**C. TAX RETURNS.** The Debtor agrees to keep current the filing of all required post-petition tax returns, as well as making all payments due on such return. Further, the Debtor shall provide, directly to the Trustee within 30 days after the returns are filed, a copy of the federal and state income tax returns for the first and second years of the Plan (2005 and 2006), provided that such returns are required to be filed.

**2. DURATION.** This plan shall continue for 46 months from the first payment. The Debtor has provided all disposable income to the funding of the Plan. If at any time before the end of this period all allowed claims are paid, the plan shall terminate, but in no event shall advance payments reduce the term of the Plan to less than 36 months unless all allowed claims are paid in full.

**3. CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid in the order listed below. Payments made by the Trustee will be made only to those parties which have submitted a Fee Application or Proof of Claim. The Trustee will accumulate (in trust) the payments described in Section 1, above. Payments by the Trustee will commence only upon confirmation of the Plan or upon specific order of the Court, and shall be required to begin within a reasonable period of time following such confirmation by the Court.

    A. **ADMINISTRATIVE EXPENSES.**

        **i. TRUSTEE'S FEES AND COSTS:** The Trustee shall be provided such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10.0%.

        **ii. DEBTOR'S ATTORNEY FEES:** Debtor has agreed to pay Phillips & Associates, a flat fee of $2,750.00, of which the sum of $0.00 will be paid through the Trustee, prior to commencement of payments on any secured or unsecured claims.

        **iii. ADEQUATE PROTECTION:** The following creditor(s) shall be paid as and for interim adequate protection the amount stated per month from month one of the Plan and continuing until it begins to receive its regular payments under the Plan to protect its interest in the asset stated:

| Creditor | Asset | Amount |
|---|---|---|
| Ford Motor Credit Co. | 2002 Ford Focus | $105.00 |
| Franklin Capital Corp. | 2004 Chevrolet Impala | $143.00 |

    **B.**    **SECURED CLAIMS:** Shall be paid pro-rata prior to payments on all secured claims listed hereafter. Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other real or personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within a reasonable time execute a release of its security interest on the said title or certificate. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

    **i.**    **CLAIMS SECURED BY REAL PROPERTY.**

---

**NOTICE TO CREDITORS WITH CLAIMS SECURED BY REAL PROPERTY**

**To expedite confirmation, kindly file your Proof of Claim (POC) immediately. The POC should include a breakdown of the arrearage specifying the payments missed, any late charges, attorney's fees, foreclosure fees, and any and all corporate advances or expenses, corporate suspense accounts, statutory fees, legal fees, or any other fees, charges or expenses that the holder of the mortgage loan or note secured by deed of trust or the master-servicer, the sub-servicer, the default-servicer or any other entity has added to the account of the Debtor.** *All pre-petition arrearage amounts shall be paid through this Plan.*

**Upon entry or filing of the discharge order in this case and with respect to any pre-petition arrearage, the mortgage loan or note secured by deed of trust of each creditor listed herein or of record as of the date of the filing of the Debtor's petition in bankruptcy, shall be deemed current. All pre-petition: corporate advances or expenses, corporate suspense accounts, statutory fees, legal fees, or any other fees, charges or expenses that the holder of the mortgage loan or note secured by deed of trust or the master-servicer, the sub-servicer, the default-servicer or any other entity has added to the account of the Debtor, but which have not been applied for or otherwise approved by this Court, including by way of an allowed Proof of Claim, shall be forever canceled and discharged as of the date of the entry or filing of the discharge order in this case.**

**Please send statements, payment books and past due notices (for post-petition payments) direct to the Debtor.**

**All regularly scheduled payments due and owing after the date of the filing of this case shall be paid outside of this Plan, direct by the Debtor, unless otherwise stated. Post-petition payments shall include, but are not limited to, payments to holders of notes secured by one or more deeds of trust on the Debtor's real property listed below, association fees secured by Conditions Covenants and Restrictions or similar, and non-escrowed property tax and insurance payments.**

---

The following creditor(s) shall retain any perfected security interest in real property and

the Trustee shall have no interest in or claim to the property securing the claim, unless otherwise stated.

**Unless otherwise stated in this Plan, regular monthly payments becoming due after filing of the petition shall be made direct to creditors outside of this Plan.** No pre-petition payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of an arrearage cured under this Plan. <u>The estimated arrearage listed below includes all payments, late charges, attorney's fees, foreclosure fees, and any and all corporate advances or expenses, corporate suspense accounts, statutory fees, legal fees, or any other fees, charges or expenses that the holder of the mortgage loan or note secured by deed of trust or the master-servicer, the sub-servicer, the default-servicer or any other entity has added to the account of the Debtor; and shall be adjusted at the time of confirmation to reflect the actual arrearage pursuant to an allowed proof of claim.</u> The arrearage as adjusted shall be cured within the length of this Plan or as stated below if different.

The Debtor's homestead exemption in the real property, and in any identifiable cash proceeds from the sale of the real property is allowed. The Debtors may use the real property in any manner, and may transfer, encumber, or sell the real property without further order of this Court and subject to applicable perfected security interests. In the event of a sale, perfected secured claims shall be paid to the full extent of their respective liens, unless otherwise agreed too by the creditor. Proceeds from a sale shall become the sole property of the Debtors to the extent of the protected homestead exemption, with any excess funds being turned over to the Trustee for appropriate distribution.

The following creditor(s) shall not be paid any interest on their arrearage claims for any mortgage debt incurred after October 22, 1994, in accordance with 11 U.S.C. § 1322(e).

| Creditor/ Description of Security | Value of Security/ Est. Arrearage | Est. Amount to be Paid/ Estimated Time to Repay |
|---|---|---|
| Accredited Home Lenders Residence | $148,000.00 $3,600.00 | $3,600.00 32 Months |
| Mortgage Lenders Network USA Residence | $148,000.00 $1,000.00 | $1,000.00 32 Months |

      **ii.    CLAIMS SECURED BY PERSONAL PROPERTY.**

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

-4-

> **NOTICE TO CREDITORS WITH CLAIMS SECURED BY PERSONAL PROPERTY**
>
> **Any Claim Not Specifically Named In This Plan Section Is Classified As An Unsecured Claim Unless Otherwise Stated.**
>
> **A secured creditor shall be provided for as stated in this Plan regardless of the secured amount stated in a proof of claim. However, if a secured creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the Debtor may delete the proposed payment of the secured claim in a proposed order confirming the Plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid, and interest may be paid in accordance with 11 U.S.C. §506(b).**
>
> **Claims alleging a security interest in property of the Debtor must be filed in accordance with Rule 3001, et seq., Fed. R. Bankr. P., with copies served on the Debtor's counsel, the Debtor and the Chapter 13 Trustee in accordance with Local Rule of Bankruptcy Procedure 2083-10.**
>
> **If a secured creditor does not file a timely objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the plan, irrespective of the filing of a secured proof of claim. 11 U.S.C. §1125(a)(5)(A).**

> **NOTICE OF INTEREST RATE**
>
> **The current prime rate of interest as of the date the initial Plan filed in this case, as reported in the Wall Street Journal (in accordance with information reviewed at http://www.bankrate.com), is 6.25%. The risk adjustment under this Plan is 2.0%. The factors taken into account to determine the risk factor include the status of the debt at filing (see below), prior bankruptcy filings (see the Voluntary Petition filed in this case), Plan feasibility, the nature of the security and the liquidity of same, and equal treatment of similarly situated creditors.**

The following creditors shall retain their interest in the personal property securing their claims. The creditors shall be paid the lesser of the debt balance or the value of the personal property securing the claims, plus interest as stated above, with any amount owing in excess of the value of the personal property being bifurcated and paid as a general unsecured claim. Upon payment of the secured claim as listed herein, the security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any unsecured claims.

**Creditors, claiming secured status, shall serve a copy of their claim, proof of security**

**interest, and an objection to the Plan upon Debtor's counsel as required by the Court.** If no objections and proofs of claim are filed and served upon Debtor's counsel within the deadline prior to the confirmation of the Plan the claim shall be paid as provided herein.

| Creditor/<br>Description of Security | Estimated Claim/<br>Value of Security | Estimated Amount to be Paid/<br>Debt Status at Filing |
|---|---|---|
| Ford Motor Credit Co.[1]<br>2002 Ford Focus (28K Miles) | $11,291.37<br>$11,291.37 | $11,291.37<br>Default |
| Franklin Capital Corp.<br>2004 Chevrolet Impala (28K Miles) | $22,369.14<br>$14,275.00 | $15,979.69<br>Default |

**C. ALIMONY/MAINTENANCE/SUPPORT ARREARAGE. None.**

**D. TAX CLAIMS.** All taxes not paid by the Plan, shall be discharged by these proceedings. Any liens held by the tax agencies will be deemed extinguished, and are to be released upon completion of this Plan and the entry by the Court of a discharge pursuant to 11 U.S.C. § 1328(a).

/s/       /s/       I have filed all required pre-petition tax returns.

**i. Secured Tax Claims:** Shall be paid up to the value of the Debtor's unencumbered real and/or personal property, with any amounts not so paid, to be paid as either priority unsecured claims or general unsecured claims as described in the appropriate section below. Tax claims paid as secured shall be paid with interest at the statutory rate applicable to such tax as of the date of the filing of the voluntary petition in the instant case. **None.**

**ii. Priority Unsecured Tax Claims.** Shall be paid 100% of the allowed priority unsecured claim, without interest. Debtors further understand that all tax returns are required to be filed during the course of this Bankruptcy case, and that all tax obligations incurred post-petition must be paid in a timely manner by the Debtors. **None.**

**iii. General Unsecured Tax Claims.** Shall be paid *pro rata* with other general unsecured claims.

**E. EDUCATIONAL LOANS.** If any: These loans shall be treated as general unsecured claims and shall be paid pro rata, along with the other general unsecured creditors. Any amounts that are not paid through this Bankruptcy case shall be non-dischargeable and shall remain due and owing by the Debtor upon dismissal or discharge of the within case.

**F. CODEBTOR CLAIMS.** Shall be paid pro-rata with other claims of the same class.

**G. GENERAL UNSECURED CLAIMS.** All other claims, including all claims against the Debtor that are not specifically named above, for the unsecured portion of an allowed bifurcated secured claim, and for claims in which a security interest has been avoided, shall be classified as general unsecured claims. Such creditors are not entitled to interest on their claims and shall be paid pro-rata. The Plan meets the requirements of the Bankruptcy Code (Title 11 of the United States Code) and achieves Chapter 7 reconciliation, as the unsecured creditors will receive as much or more under the Chapter 13 Plan than they would receive in an Chapter 7 liquidation.

---

[1]This debt shall be paid in full through the Plan at 0.0% interest, the contract rate.

-6-

**4.    LIEN AVOIDANCE.  None.**

**5.    EXECUTORY CONTRACTS/LEASES (ASSUME OR REJECT).** The Debtor elects to assume that certain executory contract for wireless communications services with T-Mobile.

**6.    REJECTION OF CLAIMS - SECURED CREDITOR.** The Debtor stipulates to the immediate lifting of the automatic stay with respect to the property and creditor listed below. Any secured claim filed by the creditor listed below will be disallowed due to the surrender of the property securing the claim. **None.**

**7.    EXCLUSION OF CREDITORS.   None.**

**8.    EFFECTIVE DATE AND VESTING**. The effective date of the Plan shall be the date of the order confirming the Plan.  Property of the estate shall vest in the Debtors upon confirmation. Except as otherwise provided in the Plan or the Order Confirming the Plan: (a) property of the estate shall vest in the Debtors upon confirmation; and (b) the property vesting in the Debtors under this subsection is free and clear of any claim or interest of any creditor provided for in the Plan.  Creditors not specifically named in this Plan are provided for as unsecured claims.

**9.    POST-PETITION CLAIMS.** Claims allowed for post petition debts incurred by the Debtor may be paid in full and in such order and on such terms as the Trustee, in his/her sole discretion, may determine. **Trustee may file to dismiss this case if Debtor incurs post petition debts without the written consent of the Trustee and Debtor fails to keep such obligations current in payment.**

**10.   AMOUNT TO BE PAID CAN CHANGE.** The amount to be provided to unsecured claims can change without notice by the time this plan is confirmed.  Payments to unsecured creditors shall be changed as necessary to increase interest payments to secured creditors, increase payments to priority claimants, or increase payments to administrative claimants.  An objection to confirmation is necessary to preserve the treatment of the claim should the proposed order confirming this plan change the treatment of unsecured claims as set forth herein.

**11**.   **OBJECTIONS.** Objections by a creditor must be in writing and filed with the U.S. Bankruptcy Court, with a copy served on the Debtor, Debtor's counsel and the chapter 13 Trustee, as set forth in the Notice Re: Last Date to File Objections to Debtor's Chapter 13 Plan and Application for Payment of Administrative Expense.

**12.   GENERAL PROVISIONS.**

   **A.**    Valuations of property, except as amended by an Order Confirming this Plan, shall apply in the event that this case is converted to a case under another chapter of the Bankruptcy code, with allowed secured claims reduced to the extent that they have been paid in accordance with the Chapter 13 Plan.

   **B.**    If this case is filed as a joint debtor case, the Debtor's estate shall be fully consolidated for purposes of administration. Pursuant to § 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtor's payments to the Trustee under this Plan.

   **C.**    With respect to pre-petition claims, the automatic stay granted pursuant to 11 U.S.C. § 362 and 1301 shall remain in full force and effect until further order of this Court.

   **D.    Proofs of Claim:**

        **i.    Filing of Claims:** Any claimant filing a secured or priority unsecured

claim shall serve a copy of the Proof of Claim upon the Debtor's counsel, the Debtor and the Chapter 13 Trustee in accordance with Rule 2083-10, Local Rules of Bankruptcy Procedure. Further, any claim filed, whether filed as a secured claim, priority unsecured claim or general unsecured claim, shall comply with the provisions of Rules 3001(c) and (d), Fed. R. Bankr. P., as appropriate.

    **ii.**   **Informal Proofs of Claim:** Neither this Plan nor any Order confirming this Plan shall constitute an informal Proof of Claim.

    **iii.**   **Reservation of Rights:** The Debtor hereby reserves the right to object Proof of Claim filed in this case in accordance with Rules 3007 and 3008, Fed. R. Bankr. P.

/s/     /s/     **E.**   **Gambling Expenses:** The Debtor shall not expend any funds for gambling expenses in excess of the entertainment expense allowed under the Plan as set forth in Schedule J. In no event shall any Plan payment moratorium or waiver be allowed if based upon excess gambling expenses.

DATED: July 5, 2005                              PHILLIPS & ASSOCIATES

                                                           By:   /s/ ASN 015509
                                                               Andrew S. Nemeth
                                                               3030 N. Third St. #1100
                                                               Phoenix, Arizona 85012
                                                               Attorneys for Debtors

**DEBTOR(S) CERTIFICATION:** I hereby certify under penalty of perjury (1) that I have reviewed and approved this Plan, (2) that I understand that I am required to make Plan payments as listed herein or as may be amended or modified by a new Plan or Order Confirming this Plan, in a timely manner, (3) that I am required to make payments to creditors secured by my residence or other real property, unless otherwise stated in this Plan, beginning with the first payment that comes due to each such creditor after the filing of the instant bankruptcy case, and that this requirement exists whether or not a statement is received by me from the creditor, (4) that if I am currently due an income tax refund as of the date I filed my case, that I may be required to turn over such income tax refund to the Trustee assigned to my case, and (5) that I have received a copy of this Plan.

/s/ JHN 4869
James H. Norris

/s/ AMW 5832
Anna M. West

**PLAN ANALYSIS**

Debtor(s): James Norris and Anna West
Case No: 2-05-bk-12254-GBN
Estimated Plan Length: 46 Months
Prior Bankruptcy:

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

A. TOTAL PRIORITY CLAIMS
   1. Unpaid attorney's fees ................................... $00,000.00
   2. Taxes ................................................ $00,000.00
   3. Other ................................................ $00,000.00
B. TOTAL OF PAYMENTS TO CURE DEFAULT ..................... $04,600.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS .................... $27,271.06
D. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS ....... $13,668.94
E. SUB-TOTAL ................................................ $45,640.00
F. TOTAL TRUSTEE'S COMPENSATION ............................ $05,060.00
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ................. $50,600.00

**RECONCILIATION WITH CHAPTER 7**

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
   1. Value of Debtor's interest in nonexempt ............................ $00,365.00
   2. PLUS: value of property recoverable under avoiding powers ............. $02,070.00
   3. LESS: estimated Chapter 7 administrative expenses ..................... $00,608.75
   4. LESS amounts payable to priority creditors other than costs of administration $00,000.00
   5. EQUALS: estimated amount payable to general unsecured creditors if
      Chapter 7 filed (if negative, enter zero) ............................ $01,756.25

I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS
  UNDER CHAPTER 7 ................................................ $01,756.25
I2 DIVERSION OF INCOME RECOVERY (AZ STATE RETIREMENT) ... $09,920.88
J. ESTIMATED DIVIDEND UNDER PLAN ........................... $13,668.94

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.**