# UNITED STATES BANKRUPTCY COURT
### District of Arizona

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on July 6, 2005.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations.

| Debtor(s) (name(s) and address):<br>JAMES H. NORRIS<br>724 N. 66TH PLACE<br>MESA, AZ 85205 | ANNA M. WEST<br>724 N. 66TH PLACE<br>MESA, AZ 85205 |
|---|---|
| Case Number:<br>2:05−bk−12254−GBN | Social Security/Taxpayer ID Nos.:<br>xxx−xx−4869<br>xxx−xx−2832 |
| Attorney for Debtor(s) (name and address):<br>ANDREW 3 NEMETH<br>PHILLIPS & ASSOCIATES<br>3030 N. 3RD ST., #1100<br>PHOENIX, AZ 85012<br>Telephone number: 602−258−8900 | Bankruptcy Trustee (name and address):<br>RUSSELL A. BROWN<br>CHAPTER 13 TRUSTEE<br>P.O. BOX 33970<br>PHOENIX, AZ 85067−3970<br>Telephone number: 602−277−8996 |

### Meeting of Creditors:
Date: **August 17, 2005**            Time: **02:00 PM**
Location: **US Trustee Meeting Room, 230 N. First Avenue, Suite 102, , Phoenix, AZ**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

#### Deadline to File a Proof of Claim
For all creditors (except a governmental unit): **November 15, 2005**     For a governmental unit: **January 2, 2006**

#### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
The filing of the bankruptcy case automatically stays certain collections and other actions against the debtor, debtor's property, and certain codebtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

| **Address of the Bankruptcy Clerk's Office:**<br>U.S. Bankruptcy Court, Arizona<br>230 North First Avenue, Suite 101<br>Phoenix, AZ 85003−1727<br>Telephone number: (602) 682−4000 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Terrence S. Miller |
|---|---|
| Hours Open: Monday − Friday 9:00 AM − 4:00 PM | Date: July 12, 2005 |

# EXPLANATIONS

FORM B9I (9/97)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Creditors May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee, and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim against the debtor in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Local Bankruptcy Rule 2083–10 requires you to send a copy of a secured or priority claim to the trustee. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed at the bankruptcy clerk's office. The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |
| Administrative Expenses in a Converted Case | If this case converted to a Chapter 7, a request for payment of an administrative expense, incurred before conversion, under 11 USC §503(a) must be filed within 90 days after the date set for the meeting of creditors. A governmental unit must file such a request within 180 days after the date of the conversion. |

## –– Refer to Other Side for Important Deadlines and Notices ––

| | |
|---|---|
| Dismissal of Case | This case shall be dismissed if the debtor(s) fail to appear at the meeting of creditors or fail to timely file all required schedules and statements. |

All individual debtors must provide photo identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

## GENERAL ORDER NO. 83

PROCEDURES GOVERNING THE CONFIRMATION OF PLANS, AMENDED OR
MODIFIED PLANS, MORATORIUMS AND DISMISSALS IN CHAPTER 13 CASES.

The following procedures shall apply to all proceedings for confirmation of a plan, amended plan or modified plan, motions for moratorium, and trustee motions to dismiss filed in connection with all Chapter 13 cases in this district. These procedures have governed Chapter 13 proceedings in this district since June 30, 1997, by the entry of an order setting forth these procedures in each Chapter 13 case filed. That order was mailed to the debtor, attorney for debtor and the trustee. The entry of this General Order which applies to all Chapter 13 cases filed in this district will eliminate the necessity of entering and docketing an order in each Chapter 13 case. It will also permit the clerk to include this General Order with the Notice of the Chapter 13 Meeting of Creditors which will give Notice of these Chapter 13 procedures to all creditors.

A. **PURPOSE**

The purpose and intention of this order and directed procedures are to reduce and eliminate confirmation hearings when there are no objections or when any objections of creditors or concerns of the trustee can be resolved without judicial intervention. The court's time will then be allocated to only those chapter 13 confirmation issues where the parties are not in agreement or have other issues which need to be heard and decided by the court. Those provisions of The Local Rules of Bankruptcy Procedure that are inconsistent with these procedures are modified so that these requirements control the proceedings in this case.

B. **NOTICING**

1. The debtor shall serve on all creditors the plan (original, amended or modified) and plan analysis or motion for moratorium and a notice containing the appropriate deadlines set forth below.
2. After the debtor makes service of the plan or motion for moratorium, the debtor shall file a certificate of service within five days. A copy of the plan or motion that was mailed, the mailing list used, and the notice mailed shall be attached to the certificate of service. The debtor shall serve a copy of the certificate of service with all attachments on the trustee.
3. An amended plan filed prior to confirmation may be served only on the trustee and those creditors adversely affected thereby.
4. Deadline for Service of Plan or Motion for Moratorium and Notice:
    a. For original plans, the plan must be served within 30 days after the filing of the petition.
    b. Service of amended or modified plans or motion for moratorium must be made within 15 days after filing.
    c. If service of any plan or motion for moratorium is not timely made and a certificate of service filed, the trustee may lodge an order dismissing the case.

C. **OBJECTIONS TO PLANS OR MOTION FOR MORATORIUM**

1. The failure of a party in interest to timely file an objection to confirmation of a plan or the granting of a motion for moratorium shall constitute acceptance of the plan or motion pursuant to 11 U.S.C.§ 1325(a) (5) (A).
2. For an original plan, the deadline for the filing of an objection is 60 days after the date first set for the meeting of creditors.
3. For an amended plan, a modified plan or a motion for moratorium, the deadline for the filing of an objection is 25 days from the date of service or 60 days after the date first set for the first meeting of creditors, whichever is later.

D. **TAX RETURNS**

The debtor shall file any due but unfiled tax returns within 60 days after the date first set for the meeting of creditors. If not timely filed, the trustee may lodge an order dismissing the case.

E. **TRUSTEE'S RECOMMENDATION/OBJECTION**

   1. Time for Filing
      a. For an original plan, the trustee's recommendation/objection shall be filed no later than 90 days after the date first set for the meeting of creditors.
      b. For amended or modified plans, or motions for moratorium, the trustee's recommendation/objection shall be filed no later than 45 days after service or 90 days after the date first set for the meeting of creditors, whichever is later.
   2. The debtor shall comply with any requirements stated in the trustee's recommendation/objection requesting documentation or information, or to pay any delinquent plan payments. The debtor shall comply with the trustee's requests within 30 days after the recommendation/objection is filed. If the debtor does not timely comply, the trustee may lodge an order dismissing the case.
   3. Rather than prepare a recommendation/objection, if the debtor makes no plan payments by the deadline for creditor objections set by C(2) above, the trustee may lodge an order dismissing the case.

F. **CONFIRMATION OF PLAN OR GRANTING OF MOTION FOR MORATORIUM**

The original, amended or modified plan may be confirmed or a motion for moratorium granted without a hearing provided:

   1. There are no timely objections filed by creditors and the trustee recommends confirmation or approval; or
   2. The trustee and all objecting creditors agree to a stipulated order.

G. **HEARINGS ON OBJECTIONS**

   1. If there is an objection to confirmation of any plan or a motion for moratorium which is unresolved by 30 days after the trustee's recommendation is filed, and the debtor is represented by an attorney, the attorney for the debtor shall obtain a hearing on the objection.
   2. If there is an objection to confirmation of a plan, or a motion for moratorium which is unresolved by 30 days after the trustee's recommendation is filed, a debtor that is not represented by an attorney shall so notify the trustee in writing and the trustee shall obtain a hearing on the objection.
   3. The debtor, trustee or creditor may request the court to set a confirmation hearing rather than a hearing on an objection.

H. **TRUSTEE MOTION TO DISMISS**

   1. A motion to dismiss filed by the trustee on the grounds that the debtor is delinquent in one or more plan payments may provide for dismissal of the case unless the debtor does one of the following within 30 days of the mailing of the motion.
      a. Makes payment to the trustee of the amounts stated as delinquent in the motion;
      b. Files with the court, and serves a copy on the trustee, a notice of conversion to Chapter 7; or
      c. Files with the court, and serves a copy on the trustee, a motion for moratorium of the delinquent plan payments.
   2. If the debtor fails to timely do one of the above, the trustee may lodge an order dismissing the case.

I. **DEBTORS NOT REPRESENTED BY AN ATTORNEY**

Debtors not represented by an attorney must contact the vendor, selected and authorized by the trustee, to arrange for the mailing of their plan or motion for moratorium. Debtors are also responsible for the cost of the noticing services.

J. **REINSTATEMENT OF DISMISSED CASES**

If this case is dismissed on motion of the trustee, a motion to reinstate the case may be granted, without a hearing, if the trustee has approved the proposed reinstatement order. If the trustee does not approve the order, the matter may be set for hearing upon debtor's request. The Court may set a hearing on the motion to reinstate on request of an interested party who had joined the trustee's dismissal motion.

**ENTERED BY THE COURT**