**SHAPIRO & KREISMAN, L.L.P.**
3300 N. Central Avenue, #2200
Phoenix, Arizona 85012
(602) 222-5711
(602) 222-5701 Facsimile
AZNotices@logs.com e-mail
Jason P. Sherman, Bar #019999
Attorneys for Mortgage Electronic
Registration Systems, Inc. as nominee
for Chase Home Finance LLC, as
servicing agent
[FILE 08-5021 ADV]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANNA WEST AND JAMES NORRIS,<br><br>        Debtors.<br>_____<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR CHASE HOME FINANCE LLC, AS SERVICING AGENT, its assigns and / or successors-in-interest,<br>        Movant,<br>v.<br>ANNA WEST AND JAMES NORRIS, Jill H Ford, Trustee,<br>        Respondents. | Case # 2-05-12254-GBN<br><br>Chapter 7 Proceedings<br><br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Re: Real Property located at 724 North 66th Place Mesa, AZ 85205 |

      Mortgage Electronic Registration Systems, Inc. as nominee for Chase Home Finance LLC, as servicing agent, ("CHASE"), through undersigned counsel, moves this Court for an Order granting relief from the automatic stay of 11 U.S.C. § 362 and any other limitations against lien enforcement against the property, rents, issues, and profits of Anna West and James

Norris, ("Debtors"); or, in the alternative, conditioning the use, sale, or lease of such property, rents, issues, or profits as is necessary to provide CHASE with adequate protection of its secured interest in certain real property.

This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Statement of Facts:**

1. CHASE is the holder in due course of a promissory note, ("CHASE Note"), made, executed, and delivered by James Norris and Anna M. West, on or about March 25, 2005 in the original sum of $118,400.00. The CHASE Note is secured by a Deed of Trust dated March 25, 2005, recorded as a lien in first position at Maricopa County Recorder's Number 05-0443240 against certain real property, ("the Property"), generally described as 724 North 66th Place, Mesa, AZ 85205 and legally described as:

> LOT 3, DREAMLAND VILLA EIGHTEEN, ACCORDING TO BOOK 204 OF MAPS, PAGE 15, RECORDS OF MARICOPA COUNTY, ARIZONA..

A true and correct copy of the CHASE Deed of Trust is attached hereto as Exhibit 'A'. The Note has been inadvertently misplaced at this time.

2. The Debtors filed a Chapter 7 Bankruptcy petition on July 6, 2005.

3. The regular monthly payments on the CHASE Note falling due since August 1, 2005 have not been paid.

4. The total outstanding debt owed on the CHASE Note is now approximately $122,158.54.

5. In accordance with the terms of the CHASE Note and Deed of Trust, the CHASE Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due and payable and recoverable from the Property.

6. In connection with the above-described default, CHASE has incurred attorney's fees and costs to protect its secured interest. These fees and costs are secured by the Property under the terms of the Deed of Trust.

7. CHASE has performed all obligations required of it under the CHASE Note and Deed of Trust, and all conditions precedent to the Debtors' performance thereunder have occurred.

8. Upon information and belief, the Debtors have no equity in the Property because the liens against the Property exceed the fair market value thereof.

9. Upon information and belief, the Property is not necessary for an effective reorganization.

10. The secured interest of CHASE in the Property has not been adequately protected, nor has CHASE been offered adequate protection by the Debtors.

**Discussion:**

Bankruptcy Code § 362(d) provides for relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization of the debtor.

The party seeking relief from the stay has the burden of proof only on the issue of the debtor's equity in the collateral; any party opposing the requested relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Therefore, unless a party opposing relief produces evidence on these issues, CHASE is entitled to relief without presenting any evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57 B.R. 265 (Bankr. D. Vt. 1986).

**I.  LACK OF EQUITY IN THE PROPERTY**

Bankruptcy Code § 362(d)(2) authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization. In re Diplomat Electronics Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. In re McCall, 25 B.R. 199 (Bankr.

E.D. Pa. 1982); In re Taylor, 28 B.R. 691 (Bankr. S.D. Ohio 1983); In re Paolino, 68 B.R. 416 (Bankr. E.D. Pa. 1986); In re Rye, 54 B.R. 180 (Bankr. D.S.C. 1985).

Where the Court is determining the equity in the property, it is immaterial whether all the lienholders join in their request for relief from the stay. In re Nashua Trust Co., 73 B.R. 423 (Bankr. D.N.J. 1987). In addition, the valuation assigned to the subject property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund, 18 B.R. 283 (Bankr. S.D. Cal. 1982).

In the instant case, CHASE alleges that the Debtors have no equity in the Property and no prospect or intent to reorganize. At the final hearing on this Motion, if any, CHASE will produce evidence that the Debtors have no equity in the Property. Any party opposing this Motion has the burden of proof on all other issues. 11 U.S.C. § 362(g).

## II. RELIEF FOR CAUSE – Lack of Adequate Protection

Even where the debtor has equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in the property is not adequately protected. In re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983).

Any party opposing this Motion has the burden of proving a lack of cause, even when the debtor asserts that the equity in the property furnishes the creditor with adequate protection. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

The creditor's substantiated allegations that it is entitled to relief for cause are sufficient for granting relief if not refuted by the debtor. In re Marta Group, Inc., 33 B.R. 634 (Bankr. E.D. Pa. 1983). If the debtor fails to meet this burden, the moving party is entitled to relief under § 362(d)(1). In re Kim, supra.

In the instant case, the Debtors have been in default under the terms of the CHASE Note since August 1, 2005. This default constitutes cause under § 362(d)(1). Additionally, the Debtors have not provided CHASE with adequate protection of its interest in the Property. Failure to provide adequate protection is also cause to lift the automatic stay.

### III. AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW

The automatic stay is terminated as a matter of law 30 days after this Motion is filed with the Court unless the Court, after notice and a hearing, orders the stay continued in effect pending the outcome of a final hearing on this Motion. 11 U.S.C. § 362(e).

**REQUEST FOR RELIEF**

For the foregoing reasons, CHASE respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit CHASE, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce CHASE's interest against the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

2. That pending final hearing on the merits hereof, an Order may be entered permitting CHASE to record, mail, post, and publish Notice of Trustee's Sale under the Deed of Trust and state law, except that CHASE shall be directed to postpone the Trustee's Sale from time to time as necessary until this court grants further relief pursuant to 11 U.S.C. § 362(d) or (e), or until the automatic stay expires by operation of law.

1    In the alternative, that CHASE be awarded adequate
2 protection of its interest in the Property, more specifically
3 that the Debtors be ordered to pay all amounts now in arrears
4 under the Deed of Trust; maintain monthly cash payments to CHASE
5 equal to the regular monthly payment amount for the continued
6 use and occupancy of the Property and to protect the interests
7 of CHASE; and further that CHASE shall be granted immediate
8 relief from the automatic stay for any failure by the Debtors to
9 adequately protect CHASE's interest in the Property or make the
10 required payments;

11      3.   That this Court's Order herein be binding on the
12 Debtors with respect to any subsequent conversion to another
13 chapter or subsequent filing of another bankruptcy petition by
14 the Debtors which may affect CHASE's interest in the Property;
15 and

16      4.   For such other and further relief as this Court
17 deems just and equitable.

18      Respectfully submitted this 7 day of November, 2005.

/s/ JPS Bar #019999
Jason P. Sherman
Attorneys for Mortgage
Electronic Registration
Systems, Inc. as nominee for
Chase Home Finance LLC, as
servicing agent

```
 1 | Original filed this 7 day
   | of November, 2005 with:
 2 |
   | United States Bankruptcy Court
 3 | 230 N. First Ave., Suite 101
   | Phoenix, AZ 85003-1706
 4 |
   | Copy of the foregoing was mailed
 5 | this 7 day of November, 2005 to:
 6 | Chapter 7 Trustee:
   | Jill H Ford
 7 | PO BOX 5845
   | Carefree, AZ 85377
 8 |
   | Attorney for Debtors:
 9 | Andrew S. Nemeth, Esq.
   | 3030 N. 3rd Street #1100
10 | Phoenix, AZ 85012
11 | Debtors:
   | Anna West and James Norris
12 | 724 North 66th Place
   | Mesa, AZ 85205
13 |
14 | By /s/ JPS Bar #019999
```